UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL A. RENNELLS,

    Plaintiff,

v.

**COMPLAINT**
Civil Action No.

[Trial By Jury Demanded]

CITY OF WAUKESHA, a body politic,

PATRICK L. KENEALY, individually,

NICHOLAS S. HENDRIKSEN individually, and

BRANDON D. DANOWSKI, individually,

    Defendants.

## I. INTRODUCTION

1. This is a civil rights action brought by Carl A. Rennells, who was subjected to excessive force at the hands of City of Waukesha Police Officers during a detention and arrest on November 1, 2018. Video of the arrest captured the brutal beating by use of tasers, batons, fists, and knees on a passively resisting and subdued Mr. Rennells.

## II. JURISDICTION

2. This action arises under 42 U.S.C. § 1983. Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4). Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because the conduct giving rise to Plaintiff's claims occurred in this judicial district.

## III. PARTIES

3. Carl Rennells is an adult resident and citizen of the State of Wisconsin.

4. Patrick L. Kenealy is a police officer with the City of Waukesha Police Department. He acted under color of law and within the scope of his employment as an employee of the City of Waukesha and is sued in his individual capacity.

5. Nicholas S. Hendriksen is a police officer with the City of Waukesha Police Department. He acted under color of law and within the scope of his employment as an employee of the City of Waukesha and is sued in his individual capacity.

6. Brandon D. Danowski is a police officer with the City of Waukesha Police Department. He acted under color of law and within the scope of his employment as an employee of the City of Waukesha and is sued in his individual capacity.

7. The City of Waukesha is a body politic, organized under the laws of the State of Wisconsin, whose address is 201 Delafield Street, Room 104, Waukesha, Wisconsin, 53188. The City of Waukesha operates and controls the City of Waukehsa Police Department pursuant to its official policies, practices, and customs. The City of Waukesha is liable for the acts and omissions described herein by Patrick L. Kenealy, Nicholas S. Hendriksen, and Brandon D. Danowski, which were committed within the scope of their respective employment. The City of Waukesha is required by law, pursuant to Wis. Stats. § 895.46(1)(a), to pay and indemnify all judgments, including compensatory and punitive damages, attorney's fees, and costs awarded against its officials, employees, and agents.

IV. **STATEMENT OF FACTS**

8. On November 1, 2018, in the early morning hours, Officer Patrick Kenealy responded in non-emergency fashion to a report of an intoxicated person who was refusing to exit a vehicle located at 1605 S. West Avenue in the City of Waukesha, Wisconsin. Attached as **Exhibit A** is a true and accurate copy of a video capturing the defendants beating Carl A. Rennells.

9. Upon arrival at the scene, Officer Kenealy parked his squad car behind the vehicle and observed a man standing outside on the driver's side of the vehicle and a second man, Carl A. Rennells, who was shirtless, standing outside the front passenger door with his upper body leaning into the open passenger door. A woman stood many feet away from the vehicle.

10. As he approached the car, Officer Kenealy said hello to the man standing on the driver's side, who Officer Kenealy knew to be Andy Bodway, the person who called for the police.

11. Officer Kenealy saw that the vehicle was empty of passengers. He then asked to see Mr. Rennells's hands and walked directly behind Mr. Rennells and shone a flashlight to illuminate the front passenger area. Officer Kenealy did not see a weapon in the vehicle or anything that appeared to be a weapon.

12. Mr. Rennells remained with his hands and head leaning into the passenger door and responded with heavily slurred speech when Officer Kenealy told him to get out of the car.

13. Officer Kenealy put away his flashlight and began pulling Mr. Rennells's arm in an effort to move him away from the car. Mr. Rennells pulled away, refused to move, and continued to lean into the passenger door.

14. As Officer Kenealy was trying to pull Mr. Rennells away from the car, Officer Brandon Danowski rushed up and began kneeing Mr. Rennells's upper torso. Officer Kenealy also began kneeing Mr. Rennells as one or both of the officers ordered him to get on the ground.

15. After kneeing Mr. Rennells six times, Officer Danowski punched Mr. Rennells in the head three times.

16. Officer Kenealy then tased Mr. Rennells.

17. After Mr. Rennells was tased, the officers stood back a few feet while Officer Kenealy armed himself with his patrol baton.

18. Officer Danowski then tased Mr. Rennells, who groaned while remaining mostly motionless with his head and right arm leaning into the car.

19. After the second taser, Officer Kenealy began beating Mr. Rennells with his baton, swinging it like a baseball bat, and striking Mr. Rennells with full force ten times, during which one of the officers instructed Mr. Rennells to "get on the ground" and to "stop reaching." Below is a screenshot of video showing Officer Kenealy beating Mr. Rennells.



20. Officer Kenealy's repeated baseball-style baton swings constituted excessive force.

21. Officer Danowski then employed another electrical current through the taser.

22. While Mr. Rennells was motionless and being tased, Officer Kenealy stomped with full force in a downward motion on the back of Mr. Rennells's leg, which broke his leg and caused Mr. Rennells to slump to the ground. This constituted excessive force.

23. As Mr. Rennells sat motionless on the ground, Officer Hendriksen, who had arrived at the end of Officer Kenealy's ten baton strikes, struck Mr. Rennells with his baton, and then struck him twice again with his baton while he or another officer yelled to "get on the ground" and

4

"stop resisting." This constituted excessive force. Below is a screenshot of video showing Officer Hendriksen striking Mr. Rennells as he sat on the ground.



24. While he sat motionless being struck by Officer Hendriksen, Mr. Rennells was on the ground and not resisting, and he informed the officers that he was "not resisting."

25. The officers then forced Mr. Rennells to a prone position on his back, with his head and hands away from the compartment of the vehicle. One of the officers instructed him to "get to his stomach" and to "stop resisting" while Officer Hendriksen positioned himself between Mr. Rennells and the compartment of the car—at times preventing the car door from closing.

26. While Mr. Rennells was lying prone on his back, shirtless, with his pants sagging below his underwear, without a weapon, and outside of reaching distance from the car compartment, Officer Hendriksen struck his broken leg ten times with his baton, while at the same time Officer Danowski punched Mr. Rennells six times in the face and Officer Kenealy kneed Mr. Rennells three times. During this time, when officers were yelling for him to get on his stomach, Mr. Rennells was being held down on his back by Officer Danowski, and Mr. Rennells could only

5

Case 2:20-cv-01923-BHL   Filed 12/30/20   Page 5 of 8   Document 1

try to cover himself to protect himself from the attack. This conduct constituted excessive force. Below is a screenshot of video depicting the positioning during this part of the beating.



27. The officers then pulled Mr. Rennells away from the vehicle and down a slight hill and positioned themselves on top of Mr. Rennells, who rolled onto his hands and knees.

28. The officers instructed Mr. Rennells to put his hands behind his back and to get on the ground as they continued to strike him with a baton and to knee him. This constituted excessive force.

29. During this time, another police officer arrived, and with four officers on top of Mr. Rennells, Officer Danowski kneed Mr. Rennells three times in the side and twice punched Mr. Rennells in the face. This constituted excessive force.

30. In total, the three officers struck Mr. Rennells at least twenty-five times with batons, tased Mr. Rennells for at least twenty seconds with multiple tasers, kneed Mr. Rennells at least eighteen times, and punched him in the face at least nine times.

31. The use of multiple tasers constituted excessive force.

32. Punches to the head and face can amount to deadly force and were excessive and unjustified.

33. Concentrated knee strikes to Mr. Rennells's side, back, and torso were excessive, unjustified, and constituted deadly force due to the risk of the rupturing of his spleen or other internal organs.

34. Although Mr. Rennells resisted Officer Kenealy's attempts to pull him away from the vehicle, Mr. Rennells was never aggressive toward any of the officers, was never armed with any weapon, and his conduct—at worst—amounted to no more than passive resistance by refusing to move and failing to obey commands.

## V. STATEMENT OF CLAIMS

35. Defendants Patrick Kenealy, Brandon Danowski, and Nicholas Hendriksen violated the Fourth Amendment rights of Mr. Rennells by use of excessive and deadly force in the face of, at most, passive resistance by an unarmed and heavily impaired man.

36. The excessive force caused physical injury, pain and suffering, and other damages.

37. Because Officer Kenealy, Officer Danowski, and Officer Hendriksen were acting within the scope of their respective employment, the City of Wauwatosa is liable for all damages, costs, and fees pursuant to Wis. Stat. § 895.46.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully demands a jury trial and prays that this Court:

1. Enter judgment for plaintiff awarding compensatory damages and punitive damages against Officers Kenealy, Danowski, and Hendriksen, jointly and severally.

2. Award pre-judgment and post-judgment interest, together with costs, disbursements, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988.

3. Award such other relief as may be just and equitable.

4. Enter judgment against the City of Waukesha for indemnification pursuant to Wis. Stat. § 895.46

Dated at Milwaukee, Wisconsin this <u>30th</u> day of <u>December</u>, 2020.

<div style="margin-left: 40%;">
FIRST, ALBRECHT & BLONDIS, s.c.
Attorneys for Plaintiff

<u>s/James P. End</u>
James P. End
State Bar. No. 1032307
jend@fabattorneys.com

<u>s/Alexa C. Bradley</u>
Alexa C. Bradley
State Bar No. 1102009
abradley@fabattorneys.com

<u>s/Bryn I. Baker</u>
Bryn I. Baker
State Bar No. 1102534
bbaker@fabattorneys.com

Broadway Theatre Center
158 North Broadway, Suite 600
Milwaukee, WI 53202
Telephone: (414) 271-1972
Facsimile: (414) 271-1511
</div>

8

Case 2:20-cv-01923-BHL   Filed 12/30/20   Page 8 of 8   Document 1